**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY MESHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:20-cv-00075 |
| | ) | |
| AUTOMOTIVE PRODUCT | ) | |
| CONSULTANTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AUTOMOTIVE PRODUCT CONSULTANTS, LLC

COMES NOW defendant Automotive Product Consultants, LLC ("APC"), by and through its counsel, and for its Answer and Affirmative Defenses to plaintiff Timothy Meshell's Complaint (also referred to herein as "Petition for Damages," as filed in state court before removal), states as follows:

### NATURE OF THE ACTION

1.      APC denies the allegations in paragraph 1 of the Petition for Damages except admits that Plaintiff purports to bring the claims identified under the provisions identified.

### THE PARTIES

2.      APC admits the allegation in paragraph 2 of the Petition for Damages.

3.      APC admits the allegations in paragraph 3 of the Petition for Damages.

### VENUE AND JURISDICTION

4.      APC admits the allegations in paragraph 4 of the Petition for Damages.

### FACTS COMMON TO ALL COUNTS

5.      APC denies the allegations in paragraph 5 of the Petition for Damages.

6.      APC admits the allegations in paragraph 6 of the Petition for Damages.

7.     APC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Petition for Damages, and therefore denies same.

8.     APC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Petition for Damages, and therefore denies same.

9.     APC denies the allegations in paragraph 9 of the Petition for Damages.

10.     APC admits the allegations in paragraph 10 of the Petition for Damages.

11.     APC denies the allegations in paragraph 11 of the Petition for Damages.

12.     APC denies the allegations in paragraph 12 of the Petition for Damages.

13.     APC denies the allegations in paragraph 13 of the Petition for Damages.

14.     APC denies the allegations in paragraph 14 of the Petition for Damages.

15.     APC denies the allegations in paragraph 15 of the Petition for Damages.

16.     APC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Petition for Damages, and therefore denies same.

17.     APC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Petition for Damages, except admits that Plaintiff missed work on February 7, 8 and 9, 2019 among other days.

18.     APC admits the allegations in paragraph 18 of the Petition for Damages.

19.     APC denies the allegations in paragraph 19 of the Petition for Damages, except admits that Plaintiff was discharged for excessive absenteeism.

20.     APC denies the allegations in paragraph 20 of the Petition for Damages, except admits that Plaintiff's position was not a remote position.

21.     APC denies the allegations in paragraph 21 of the Petition for Damages.

## COUNT I—VIOLATIONS UNDER TITLE I OF THE AMERICANS WITH DISABLITIES ACT OF 1990—42 U.S.C. 12101

22.     APC repeats its responses to the foregoing paragraphs as if fully set forth herein.

23.     APC admits the allegations in paragraph 23 of the Petition for Damages.

24.     APC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Petition for Damages, and therefore denies same.

25.     APC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Petition for Damages, and therefore denies same.

26.     APC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Petition for Damages, and therefore denies same.

27.     APC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Petition for Damages, and therefore denies same.

28.     APC admits the allegations in paragraph 28 of the Petition for Damages.

29.     APC denies the allegations in paragraph 29 of the Petition for Damages and subparagraphs a through g, inclusive.

30.     APC denies the allegations in paragraph 30 of the Petition for Damages.

31.     APC denies the allegations in paragraph 31 of the Petition for Damages.

32.     APC denies the allegations in paragraph 32 of the Petition for Damages.

## COUNT II—VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

33.     APC repeats its responses to the foregoing paragraphs as if fully set forth herein.

34.     APC denies the allegations in paragraph 34 of the Petition for Damages

35.     APC denies the allegations in paragraph 35 of the Petition for Damages and subparagraphs a through g, inclusive.

36.     APC denies the allegations in paragraph 36 of the Petition for Damages.

3

## COUNT III—UNPAID COMMISSIONS

37.     APC repeats its response to the foregoing paragraphs as if fully set forth herein.

38.     APC denies the allegations in paragraph 38 of the Petition for Damages.

39.     The statements contained in paragraph 39 of the Petition for Damages amount to legal conclusions, to which no answer is required.  However, should any of the statements contained in paragraph 39 be construed as allegations against APC, they are denied.

40.     The statements contained in paragraph 40 of the Petition for Damages amount to legal conclusions, to which no answer is required.  However, should any of the statements contained in paragraph 40 be construed as allegations against APC, they are denied.

41.     The statements contained in paragraph 41 of the Petition for Damages amount to legal conclusions, to which no answer is required.  However, should any of the statements contained in paragraph 41 be construed as allegations against APC, they are denied.

42.     APC denies the allegations in paragraph 42 of the Petition for Damages

43.     APC admits the allegations in paragraph 43 of the Petition for Damages.

44.     APC denies the allegations in paragraph 44 of the Petition for Damages.

45.     APC denies the allegations in paragraph 45 of the Petition for Damages.

46.     APC denies the allegations in paragraph 46 of the Petition for Damages.

47.     APC admits the statue quoted in paragraph 47 of the Petition for Damages is quoted accurately, and no answer is required.  However, should any of the statements contained in paragraph 47 be construed as allegations against APC, they are denied.

48.     APC admits the statue specified in paragraph 48 of the Petition for Damages is referenced accurately, and no answer is required.  However, should any of the statements contained in paragraph 48 be construed as allegations against APC, they are denied.

## COUNT IV—BREACH OF CONTRACT

49.     APC repeats its responses to the foregoing paragraphs as if fully set forth herein.

50.     APC admits the allegations in paragraph 50 of the Petition for Damages.

51.     APC denies the allegations in paragraph 51 of the Petition for Damages, except admits that Plaintiff's compensation was derived from a formula that included salary and commissions.

52.     APC denies the allegations in paragraph 52 of the Petition for Damages.

53.     APC denies the allegations in paragraph 53 of the Petition for Damages.

54.     APC denies the allegations in paragraph 54 of the Petition for Damages.

55.     APC denies the allegations in paragraph 55 of the Petition for Damages.

56.     APC denies the allegations in paragraph 56 of the Petition for Damages.

57.     APC denies the allegations in paragraph 57 of the Petition for Damages.

58.     APC denies the allegations in paragraph 58 of the Petition for Damages.

59.     APC denies the allegations in paragraph 59 of the Petition for Damages.

## AFFIRMATIVE DEFENSES TO ALL COUNTS

In further Answer and Affirmative Defense, defendant Automotive Product Consultants, LLC, states as follows:

60.     The Petition for Damages fails, in whole or in part, to state a claim upon which relief may be granted.

61.     Absent proof that an offer to sue letter was received by Plaintiff on September 4, 2019, Count I is barred by the applicable statute of limitations for the filing of suit under the Americans with Disabilities Act.

62.     Plaintiff was not a covered employee for purposes of the Family Medical Leave Act or the allegations in Count II.

5

63.     Plaintiff was not qualified to perform the essential functions of his position with Defendant APC.

64.     Plaintiff has failed to mitigate his damages.

65.     Plaintiff has been fully compensated in accordance with the terms of his employment with APC.

66.     Any claim for punitive or exemplary damages against APC is unconstitutional in that recovery of punitive or exemplary damages in this case would violate the constitutional rights of APC to due process and equal protection under the Fourteenth Amendment to the Constitution of the United States and similar protections afforded by the Missouri state constitution, and that any law of the state of Missouri, whether enacted by that state's legislature or founded upon a decision or decisions of the courts, or that of any other state whose law is deemed to apply in this case, that would permit recovery of punitive or exemplary damages, is unconstitutional under these provisions.

67.     Any claim for punitive or exemplary damages against APC is unconstitutional in that the standards for granting and asserting punitive or exemplary damages do not prohibit other plaintiffs from seeking and recovering such damages against APC for the same allegations, and as such constitute multiple punishments for the same alleged conduct resulting in deprivation of APC's property without due process of law and will result in unjustified windfalls for Plaintiff and Plaintiff's counsel, in violation of the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and similar protections afforded by the Missouri state constitutions, and that of any other state whose law is deemed to apply in this case.

68.     Any claim for punitive damages against APC cannot be maintained because an award of punitive damages under current Missouri law, and any other state's law deemed to

apply to this action, would be void for vagueness, both facially and as applied.  Among other

deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an

absence of adequate notice of what punishment may be imposed; an absence of a predetermined

limit, such as a maximum multiple of compensatory damages or a maximum amount, on the

amount of punitive damages that a jury may impose; a risk that punitive damages will be

imposed retrospectively based on conduct that was not deemed punishable at the time the

conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement,

all in violation of the due process clause of the Eighth and Fourteenth Amendments to the United

States Constitution, the due process provisions of the Missouri state constitution, and the

common law and public policies of the state of Missouri and similar protections afforded by any

other state whose law is deemed to apply in this case.

69.     To the extent that the laws of Missouri and any other state whose law is deemed

to apply in this case permit punishment to be measured by the net worth or financial status of

APC and imposes greater punishment on defendants with larger net worth, such an award would

be unconstitutional because it permits arbitrary, capricious, and fundamentally unfair

punishments, allows bias and prejudice to infect verdicts imposing punishment, allows

punishment to be imposed based on lawful profits and conduct of APC in other states, and allows

dissimilar treatment of similarly situated defendants, in violation of the due process and equal

protection provisions of the Fourteenth Amendment to the United States Constitution, the

Commerce Clause of the United States Constitution, the state laws and constitutional provisions

of Missouri, and similar protections afforded by any other state whose law is deemed to apply in

this case.

70.     APC is entitled to, and claims the benefits of, all defenses and presumptions set forth in or arising from any rule of law or statute of the state of Missouri or of any state whose law is deemed to apply in this case.

71.     APC reserves its rights to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under other applicable substance of law.

WHEREFORE, having fully answered and stated its affirmative defenses to plaintiff's Complaint, defendant Automotive Product Consultants, LLC, prays that said Complaint and causes of action be dismissed with prejudice, and for its costs incurred herein.

Respectfully Submitted,

By:  *s/ Bart C. Sullivan*
Bart C. Sullivan, #37239
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
(314) 588-1965 (Fax)
bsullivan@foxsmithlaw.com

Pamela J. Moore (*pro hac vice pending)*
Sami Asaad
MCCARTER & ENGLISH, LLP
CityPlace
185 Asylum Street
Hartford CT 06103
(860) 275-6708
pmoore@mccarter.com
sasaad@mccarter.com

**ATTORNEYS FOR DEFENDANT**
**AUTOMOTIVE PRODUCT**
**CONSULTANTS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 16, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record and/or sent via Electronic Mail to:

Kevin J. Kasper
Ryan P. Schellert
Kasper Law Firm LLC
3930 Old Hwy 94 South, Suite 108
St. Charles MO 63304
kevinkasper@kasperlawfirm.net
ryanschellert@kasperlawfirm.net

ATTORNEYS FOR PLAINTIFF

*s/ Bart C. Sullivan*